UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| CASEY L. WARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-00019-CLC-SKL |
| SHELBYVILE POLICE DEPARTMENT, and MICHAEL W. TAYLOR, | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This case is filed pro se and without prepayment of fees by Plaintiff Casey Ward ("Plaintiff"), who is currently being detained at the Bedford County Jail. Plaintiff initiated this case on January 22, 2024, by filing a complaint and an application to proceed *in forma pauperis* ("IFP").

Plaintiff's application to proceed IFP is being granted by separate Order entered contemporaneously herewith. As that Order explains, Plaintiff's complaint must be screened in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, before any summons can be issued for service of process. As set forth herein, I have screened the complaint and I **RECOMMEND** that only Plaintiff's Fourth Amendment claim against Defendant Sergeant Michael Taylor ("Sgt. Taylor") in his individual capacity be permitted to proceed past the initial screening stage. I **RECOMMEND** all other claims be **DISMISSED**.

I.  **STANDARDS**

Under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court is responsible for screening all actions filed by plaintiffs seeking IFP status, and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary

relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.) (citations omitted). A frivolous claim is one that is based on "an indisputably meritless legal theory," or on allegations of "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).

The standard required by § 1915(e)(2)(B)(ii) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citations omitted). The pleadings of pro se litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," otherwise it is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." A complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). To survive a motion to dismiss, a complaint

must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358-59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

## II. ANALYSIS

### A. Complaint

Plaintiff's claims relate to his allegedly wrongful arrest on June 22, 2023. According to Plaintiff, on May 8, 2023, Sgt. Taylor made material misrepresentations in an affidavit of complaint to secure a warrant for Plaintiff's arrest. Plaintiff contends Sgt. Taylor's actions violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. He lists Sgt. Taylor and the Shelbyville Police Department ("SPD") as defendants.

Plaintiff drafted his complaint using a form titled Complaint for Violation of Civil Rights, and he indicates he is filing suit pursuant to 42 U.S.C. § 1983 [Doc. 1]. As the basis liability under § 1983, Plaintiff alleges: "Sgt. Michael W. Taylor used his badge and uniform to violate my constitutional rights by arresting me with no probable cause and Plaintiff not even being present during the supposed search." [*Id.* at Page ID # 4].[1] In the section titled "Statement of Claim," Plaintiff asserts:

> On 5/08/23 an affidavit of complaint was filed by Sgt Michael W. Taylor, alleging a pill bottle with methamphetamine was found in a stolen car the Plaintiff was a passenger in. The stop was at the parking lot of 1050 Madison St., Shelbyville, TN. The simple truth is the Plaintiff was not even at the location at the time of the search. In fact the driver was arrested but Plaintiff wasn't

---

[1] For clarity and readability, minor, non-substantive corrections have been made to the complaint when quoted herein without the use of brackets.

> charged until well later due to the fact he wasn't present during the search nor found in the vehicle.
>
> . . . .
>
> Plaintiff has been falsely arrested for supposed drugs he wasn't even present when found yet the driver Chris Pittman was not. Sgt. Michael W. Taylor has lied and manipulated the affidavit of complaint to put a bogus case on Plaintiff when it's impossible for him to be present of the incident in question. Dash cam footage would show the truth as well as body cam footage. If Plaintiff was present why was he not arrested at the scene instead of a month and a half later when the driver was arrested then. The whole arrest was illegal and has no basis at all. Defendant has lied on the police report.

[*Id.* at Page ID # 4-5].

Plaintiff indicates that while the affidavit of complaint was presented by Sgt. Taylor on May 8, he was "not charged until June 22, 2023." [*Id.* at Page ID # 5]. In the "Relief" section, Plaintiff writes:

> Plaintiff seeks declaratory relief, compensatory and punitive damages, preliminary and permanent injunction relief. Taking Plaintiff's freedom with no just cause and fabricating a police report to do so. $360 dollars a day and for the Shelbyville Police Dept. to drop all charges and put policies in effect to help protect other citizens from getting discriminated against.

[*Id.*].

### B. Fourth Amendment Allegations

Plaintiff claims the alleged unreasonable seizure/arrest without probable cause at issue is a violation of his Fourth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983. However, the "Eighth Amendment protects **post-conviction criminal detainees** from cruel and unusual punishment." *Malam v. Adducci*, 469 F. Supp. 3d 767, 782-83 (E.D. Mich. June 28, 2020) (citations omitted) (emphasis added). Plaintiff has not alleged he was in custody or charged at the time of the alleged violation of his constitutional rights by Sgt. Taylor, so the Eighth Amendment does not apply.

Moreover, the Supreme Court has held that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Hall v. Sakovich*, No. 3:21-CV-276-KAC-DCP, 2022 WL 702424, at *2 (E.D. Tenn. Mar. 8, 2022) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion)). Undoubtedly, the Fourth Amendment provides the explicit textual source of constitutional protection against the behavior Plaintiff alleges here. Thus, the Court construes Plaintiff's complaint as alleging an unreasonable seizure/arrest without probable cause in violation of the Fourth Amendment.

Accordingly, any claims Plaintiff is attempting to assert under the Eighth or Fourteenth Amendments should be dismissed for failing to state a claim.

### C. Claim Against SPD/Official Capacity Claim Against Sgt. Taylor

This Court, and others in the Sixth Circuit, have held that police departments are not entities capable of being sued under 42 U.S.C. § 1983. *See CP ex rel. Powell v. Alcoa Police Dep't*, No. 3:10-CV-197, 2010 WL 2698290, at *2 (E.D. Tenn. July 6, 2010) (citations omitted); *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (finding that "federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit," and holding proper defendant is the county rather than county sheriff's department).

Even if Plaintiff had sued a proper local government defendant, any claim asserted against that entity would fail on the merits as well. A municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). A local government unit may be liable for civil damages in a § 1983 action only when the execution of a governmental policy or the toleration of a custom causes the deprivation of a

constitutionally protected right. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691). Plaintiff does not allege any facts whatsoever to show his rights were violated as a result of any official policy or custom. He also does not allege any failure to train or supervise, and even if he did, he does not allege any "prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Wright v. City of Euclid*, 96 F.3d 852, 881 (6th Cir. 2020) (quotation marks and citation omitted). Similar proof is required for a "custom of tolerance" theory of municipal liability. *Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005).

Plaintiff also does not expressly indicate whether he intends to assert sue Sgt. Taylor in his individual or official capacity [*see* Doc. 1 at Page ID # 2]. To the extent Plaintiff intends to assert a claim against Sgt. Taylor in his official capacity, such claim would be duplicative of his claim against any properly named entity or local government defendant, and therefore subject to dismissal for the reasons stated above. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

Accordingly, any claims Plaintiff is attempting to assert against SPD or any other local government defendant, or against Sgt. Taylor in his official capacity, should be dismissed for failing to state a claim.

### D. Individual Capacity Claims Against Sgt. Taylor

Plaintiff has, however, alleged sufficient facts to survive initial screening as to any individual capacity claim against Sgt. Taylor for unreasonable seizure/wrongful arrest in violation of the Fourth Amendment.

"A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005) (citing *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002)). "An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983." *Voyticky*, 412 F.3d at 667 (citing *Baker v. McCollan*, 443 U.S. 137, 143-44 (1979)). However, the defense does not apply in cases where "a plaintiff proves by a preponderance of the evidence that in order to procure the warrant the defendant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause." *Trakhtenberg v. Cnty. of Oakland*, 661 F. App'x 413, 419 (6th Cir. 2016) (cleaned up & citations omitted). "If the affidavit contains false statements or material omissions," courts "set aside the statements and include the information omitted in order to determine whether the affidavit is still sufficient to establish probable cause." *Id.* (citations omitted).

Plaintiff did not file the affidavit of complaint at issue, nor did he otherwise describe any statements made therein other than the alleged misrepresentation that forms the basis for his claim. Regardless, when the complaint is construed liberally and all facts are accepted as true, Plaintiff has sufficiently alleged the material nature of the alleged misrepresentation regarding his presence at the scene of the vehicle stop/drug bust, such that his individual capacity Fourth Amendment claim against Sgt. Taylor should survive this initial screening stage.[2]

---

[2] It is not clear whether there are any ongoing criminal proceedings against Plaintiff related to the vehicle stop/drug bust that could potentially call for abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). If the Court adopts this Report and Recommendation, the parties will have the opportunity to address the propriety of *Younger* abstention when and if Sgt. Taylor is properly served.

### III. CONCLUSION

For the reasons stated above, I **RECOMMEND**[3] that:

(1) any claims asserted under the Eighth and Fourteenth Amendments be **DISMISSED**;

(2) claims asserted against SPD or against Sgt. Taylor in his official capacity be **DISMISSED**;

(3) Fourth Amendment claim against Sgt. Taylor in his individual capacity be **PERMITTED TO PROCEED**; and

(4) the Clerk be **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Sgt. Taylor, which Plaintiff **SHALL** complete and return to the Clerk's office within **30 DAYS** of the entry of any order adopting this Report and Recommendation so that a summons can be signed and sealed by the Clerk and forwarded to the U.S. Marshals for service. *See* Fed. R. Civ. P. 4. Moreover, Plaintiff should be **FOREWARNED** that if he fails to timely return the completed service packet, this action will be dismissed.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this Report and Recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).