UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CASEY L. WARD, | ) |
| *Plaintiff,* | ) Case No. 1:24-cv-19 |
| v. | ) Judge Curtis L. Collier |
| | ) Magistrate Judge Susan K. Lee |
| MICHAEL W. TAYLOR, | ) |
| *Defendant.* | ) |

# **M E M O R A N D U M**

Defendant, Michael W. Taylor, has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. 25.) Plaintiff, Casey L. Ward, has not filed a response, and the time to do so has expired.[1] *See* E.D. Tenn. L.R. 7.1(a); *see also* Fed. R. Civ. P. 6(d). "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. The Court will **GRANT** the motion and dismiss this action.

## **I.    BACKGROUND**

Defendant is a sergeant with the Shelbyville Police Department. (Doc. 1 at 2.) On May 8, 2023, he prepared an affidavit of complaint against Plaintiff charging Plaintiff with possession of methamphetamine. (*Id.* at 4.) Plaintiff was arrested on the charge on June 22, 2023. (*Id.* at 5.)

Seven months later, Plaintiff filed a complaint against Defendant and the Shelbyville Police Department under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff also filed a motion for leave to proceed

---

[1] Plaintiff is representing himself in this lawsuit. Filings by *pro se* litigants are liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, litigants who are representing themselves must still comply with the applicable rules of procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

without prepaying court fees. (Doc. 2.) The Court granted the motion to proceed without prepaying court fees and screened Plaintiff's complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A. (Docs. 3–6.) As a result of the screening, the Court dismissed all claims in the case except Plaintiff's false-arrest claim against Defendant in his individual capacity. (Doc. 5 at 6–7; Doc. 6 at 1–2.) Defendant was served with process and answered the complaint. (Docs. 9, 11.) The Court set the matter for a bench trial on July 7, 2025. (Doc. 16.)

Meanwhile, on June 26, 2024, Plaintiff pleaded guilty to the crime charged in the affidavit of complaint. (Doc. 25-1 at 1.) Defendant then filed a motion for judgment on the pleadings (Doc. 25), to which Plaintiff has not responded. The motion argues that Plaintiff's guilty plea conclusively shows there was probable cause for his arrest, and therefore his claim against Defendant for false arrest must be dismissed. (Doc. 26 at 3–6.) Defendant has attached copies of the affidavit of complaint and the order accepting Plaintiff's guilty plea to his motion. (Doc. 25-1 at 1, 3.)

## II. STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for a judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. The standard of review for a motion for judgment on the pleadings is the same standard applied in a motion to dismiss under Rule 12(b)(b). *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). A court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Coley v. Lucas Cnty., Ohio*, 799 F.3d 530, 537 (6th Cir. 2015). Bare legal conclusions, however, need not be accepted as true. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). In addition, all ambiguities must be resolved in the plaintiff's favor. *Carter*

by *Carter v. Cornwell*, 983 F.2d 52, 54 (6th Cir. 1993) (citing *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577 (6th Cir. 1992)).

The defendant bears the burden of showing that the complaint has not stated a claim for relief. *Coley*, 799 F.3d at 537. To survive a motion on the pleadings, a complaint must present sufficient facts which, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when there are sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In determining whether the complaint satisfies facial probability, a court must "draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

If a party presents matters outside the pleadings, the court must either exclude those matters from consideration or treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). Documents attached to the pleadings are considered part of the pleadings. Fed. R. Civ. P. 10(c). Consistently with this rule, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting the motion into one for summary judgment." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007). Nor does consideration of matters of public record require the conversion of a motion for judgment on the pleadings into a motion for summary judgment. *Id.* at 336.

### III. DISCUSSION

Defendant argues that Plaintiff's plea of guilty to the charge in Defendant's affidavit of complaint conclusively shows that there was probable cause for Plaintiff's arrest pursuant to that affidavit of complaint, and Plaintiff therefore cannot state a claim for false arrest on which relief can be granted. (Doc. 26 at 3–6.)

In order to state a claim for false arrest, a plaintiff "must plausibly allege that [the arrest] was unsupported by probable cause." *Wesley v. Campbell*, 779 F.3d 421, 429 (6th Cir. 2015). In other words, "probable cause provides a complete defense to a claim of false arrest." *Halash v. City of Kirtland*, 574 Fed. App'x 624, 629 (6th Cir. 2014) (citing *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005)). And a guilty plea that has been accepted by a court estops the individual who pleaded guilty from asserting that the related arrest was made without probable cause. *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988); *see also Fox v. Mich. State Police Dep't*, 173 Fed. App'x 372, 378 (6th Cir. 2006) (holding plaintiff in § 1983 action was "estopped . . . from arguing that his arrest was made without probable cause because he pled guilty to the resulting offenses").

Although Plaintiff did not attach a copy of the affidavit of complaint to his complaint, the complaint refers to the affidavit and the affidavit is integral to Plaintiff's claim of false arrest against Defendant as the officer who completed the affidavit of complaint, and the Court may therefore consider it without converting the motion for judgment on the pleadings into a motion for summary judgment. *See Com. Money*, 508 F.3d at 335–36. Further, both the affidavit of complaint and the state-court order accepting Plaintiff's plea of guilty on its charges are matters of public record which the Court may consider without converting the motion to one for summary judgment. *See id.* at 336.

The order accepting Plaintiff's guilty plea establishes that Plaintiff pleaded guilty to the offense charged in the affidavit of complaint and the state court accepted his guilty plea. (*See* Doc. 25-1 at 1, 3.) Plaintiff's guilty plea prevents him from showing that the arrest was without probable cause. Therefore, he cannot state a claim against Defendant for false arrest, and Defendant is entitled to judgment on the pleadings.

## IV. CONCLUSION

The Court will **GRANT** Defendant's motion for judgment on the pleadings (Doc. 25). Plaintiff's action will be **DISMISSED**.

**An appropriate Judgment Order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

5

Case 1:24-cv-00019-CLC-SKL   Document 27   Filed 12/12/24   Page 5 of 5   PageID #: 90